

**ORDERED in the Southern District of Florida on May 27, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 09-12516-BKC-AJC |
| | Chapter 7 |
| CARLOS JUSTO, | |
|     Debtor. | |
| In re: | Case No. 09-12533-BKC-LMI |
| | Chapter 7 |
| 40 INDIAN CREEK, LLC | |
|     Debtor. | Substantively Consolidated |
| _____ / | |
| JARR LOAN, LLC, | Adv. Case No. 09-01460-BKC-AJC |
|     Plaintiff, | |
| v. | |
| CARLOS JUSTO, | |
|     Defendant. | |
| _____ / | |

**MEMORANDUM DECISION AND ORDER (A) DENYING PLAINTIFF JARR LOAN, LLC'S MOTION FOR SANCTIONS (B) RESERVING RULING ON DEFENDANT, CARLOS JUSTO'S _ORE TENUS_ MOTION FOR ATTORNEYS' FEES AND COSTS**

This matter came before the Court on May 12, 2011 at 10:00 a.m., and continued on May 13, 2011 at 10:00 a.m., upon Plaintiff JARR Loan, LLC's ("JARR" or the "Plaintiff") Motion for Sanctions and Memorandum of Law in Support (the "Motion") [D.E. 183], Carlos Justo's ("Justo" or the "Defendant") Response in Opposition to Plaintiff's Motion for Sanctions and Memorandum of Law in Support (the "Response") [D.E. 197] and Defendant's *Ore Tenus* Motion for Attorneys' Fees and Costs (the "Fee Motion"). The Court, having reviewed the Motion, the Response and the Fee Motion, having heard the arguments of counsel, having conducted a two day evidentiary hearing on the Motion, having reviewed the facts and the law presented at that hearing and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      For the Court to grant relief for spoliation as requested in Plaintiff's Motion, the Plaintiff was required to demonstrate through clear and convincing evidence that the Defendant intentionally destroyed, mutilated, altered or concealed evidence. *See* Black's Law Dictionary 1409 (7th ed. 1999). In addition, the Plaintiff was required to demonstrate through clear and convincing evidence that the Defendant acted in bad faith. *United States v. Prater*, 5:10-CR-14-DCB-FKB, 2011 WL 824475 (S.D. Miss. Mar. 2, 2011) (citing *U.S.* v. *Wise,* 221 F.3d 140, 156 (5th Cir.2000); see also *U.S.* v. *Livingston,* 243 Fed.Appx. 37 (5th Cir.2007) (a*ccord citing Wise*).

2.      The Court finds that there was not a scintilla of evidence of an intentional act to destroy, mutilate, alter or conceal evidence by Carlos Justo or the law firm of Tabas, Freedman, Soloff, Miller and Brown, P.A. ("Tabas Freedman")

3.      The Court finds that there was not a scintilla of evidence that the Defendant or Tabas Freedman acted in bad faith, and further finds that both the Defendant and Tabas Freedman made a good faith effort to comply with the discovery obligations in this case.

4. The Court finds that Plaintiff failed to introduce evidence in any recently discovered e-mails that are material to the issue in this action.

5. The Court finds that the testimony of Carlos Justo, Diane Justo, Chad Simpson and Urs Ebner was credible, believable and straightforward and was all favorable to the Defendant.

6. The Court finds that the testimony of Robert Rodriguez was credible, but that Mr. Rodriguez had limited knowledge as to the pertinent facts alleged in the Motion.

7. Accordingly, the Plaintiff has failed to meet its burden for establishing sanctions for spoliation, and its Motion is **DENIED** in all respects.

## II. DEFENDANT'S *ORE TENUS* MOTION FOR ATTORNEYS' FEES AND COSTS

8. The Court reserves ruling on Defendant's Fee Motion until it has been fully briefed by the parties and a hearing conducted regarding same.

**# # #**

Copy furnished to:

Robert B. Miller
David Softness